

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2009

# Spencer Bank SLA v. Menlo Acquisition Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1343

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Spencer Bank SLA v. Menlo Acquisition Co" (2009). *2009 Decisions.* Paper 1900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1343
_____

SPENCER BANK, S.L.A.,
a mutual savings and loan association,
Appellant

v.

LAWRENCE B. SEIDMAN;
SEIDMAN & ASSOCIATES, LLC;
VETERI PLACE CORPORATION;
MENLO ACQUISITION CORPORATION
_____

Appeal from the
United States District Court for the
District of New Jersey
(D.C. No. 07-cv-01337)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2008
_____

Before: BARRY and CHAGARES, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

(Opinion Filed: February 9, 2009)

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

———————————

OPINION OF THE COURT
———————————

RESTANI, Judge.

Appellant Spencer Bank, S.L.A. ("Spencer Bank") appeals the decision of the

United States District Court for the District of New Jersey granting appellees Lawrence

B. Seidman ("Seidman"), Seidman & Associates, LLC, Veteri Place Corporation, and

Menlo Acquisition Corporation's (collectively "Appellees") motion to dismiss for failure

to state a claim upon which relief can be granted. The District Court determined that

there was no private right of action under the Savings and Loan Holding Company Act,

12 U.S.C. § 1467a ("SLHCA" or "Act"). We affirm.

## BACKGROUND AND PROCEDURAL HISTORY

Spencer Bank, a state-chartered mutual savings and loan association, alleges that

Seidman, a private investor and one of Spencer Bank's depositors, along with the other

Appellees and their interested associates, have repeatedly engaged in unlawful activity by

targeting and acquiring ownership in certain savings institutions in order to gain control

of the board of directors and force the sale of the institutions.[1] According to Spencer

———

[1] Spencer Bank alleges that Appellees engaged in "wolf-pack" tactics, threatened and engaged in proxy contests, initiated lawsuits, forced "greenmail," and induced tender offers to influence the boards of directors of the savings institutions into merging with or being acquired by another institution. Spencer Bank further contends that Appellees engaged in publicity campaigns in furtherance of these schemes, including letter writing, phone calls, and public securities filings.

Bank, Appellees and their associates were one of the largest holders of the voting shares for the targeted institutions, and sixteen of the seventeen acquired savings institutions merged or were acquired by another institution within two years of Appellees' involvement, with Appellees gaining significant profits as a result.

Spencer Bank alleges that Appellees are now trying to gain control through placement of Seidman or his associates on the board of directors of Spencer Bank. Specifically, Spencer Bank alleges that Appellees have engaged in the following tactics: (1) opened deposit accounts to increase voting rights; (2) placed mail and phone complaints to Spencer Bank's president and CEO concerning recent business decisions; (3) mailed a letter to the CEO nominating Seidman and other associates to the board and requesting a list of depositor members and a letter to depositor members condemning the board and seeking the nomination of Seidman and his associates; (4) engaged in proxy solicitation outside one of Spencer Bank's branches; and (5) filed a lawsuit against Spencer Bank and the board alleging breaches of fiduciary duty.

Spencer Bank filed a complaint in March 2007, alleging that Appellees' attempts to control Spencer Bank violated the SLHCA. Spencer Bank sought an injunction or other equitable remedies to prevent Appellees from acquiring control in violation of § 1467a(h)(1), as well as other statutory damages under the SLHCA.

Appellees filed a motion to dismiss the complaint in April 2007, alleging that there was no private right of action under § 1467a(h)(1) and that the complaint failed to allege

3

facts sufficient to state a claim under the SLHCA.  In an opinion and order entered January 4, 2008, the District Court granted Appellees' motion, finding that § 1467a(h)(1) does not provide for a private right of action.[2]  Spencer Bank now appeals.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo the District Court's dismissal for failure to state a claim.  Three Rivers Ctr. for Indep. Living, Inc. v. Hous. Auth. of Pittsburgh, 382 F.3d 412, 419 (3d Cir. 2004).

## DISCUSSION

Spencer Bank concedes that no express private right of action exists under the terms of the SLHCA, but alleges that a private right of action can be implied from the SLHCA.  Private rights of action may be implied in statutes that "do not contain provisions addressing either whether private parties may maintain a right of action or the scope of a right of action a private party may maintain."  Id. at 421.

Whether an implied private right of action exists under a statute is a question of congressional intent, Alexander v. Sandoval, 532 U.S. 275, 286 (2001), and may be implied by a court only when "it can confidently conclude Congress so intended," Am. Trucking Ass'ns v. Del. River Joint Toll Bridge Comm'n, 458 F.3d 291, 303 (3d Cir. 2006) (internal quotation and citation omitted).  We have held that in order "for an

---

[2] The District Court made no findings on Appellees' additional arguments and declined to consider Spencer Bank's request for equitable relief.

4

implied right of action to exist, a statute must manifest Congress's intent to create (1) a personal right, and (2) a private remedy." Three Rivers, 382 F.3d at 421 (citing Sandoval, 532 U.S. at 286).

**A.    There is no indication of legislative intent to create a federal right for mutual associations under § 1467a**

Section 1467a(h)(1) makes it unlawful for:

> any savings and loan holding company or subsidiary thereof, or any director, officer, employee, or person owning, controlling, or holding with power to vote, or holding proxies representing, more than 25 percent of the voting shares, of such holding company or subsidiary, to hold, solicit, or exercise any proxies in respect of any voting rights in a savings association which is a mutual association[.]

12 U.S.C. § 1467a(h)(1) (2006). The District Court determined that while "§ 1467a(h)(1) benefits savings associations which are mutual associations," ultimately "the direct, unmistakable focus of § 1467a(h)(1) is upon savings and loan holding companies, not . . . mutual associations." (J.A. 12.) The District Court held, therefore, that "[t]he statute provides no indication that Congress intended to confer a federal right upon Plaintiff." (Id.) We agree.

The first inquiry is into legislative intent, that is "'[t]he question is not simply who would benefit from the Act, but whether Congress intended to confer federal rights upon those beneficiaries.'" Am. Trucking Ass'ns, 458 F.3d at 297 (quoting California v. Sierra Club, 451 U.S. 287, 294 (1981)). In examining whether § 1467a(h)(1) creates a federal right in favor of mutual associations, we "review[] the 'text and structure' of the statute to

5

determine whether the statute contained 'rights-creating' language that focuses on the 'individual protected' rather than 'the person regulated.'" Wisniewski v. Rodale, Inc., 510 F.3d 294, 301–02 (3d Cir. 2007) (citing Sandoval, 532 U.S. at 288–89). When "right-or duty-creating language" is not explicitly included in a statute, a court will rarely imply congressional intent to create a private right of action. Gonzaga Univ. v. Doe, 536 U.S. 273, 284 n.3 (2002).

Section 1467a(h)(1) does not include rights-creating language that focuses on mutual associations. Rather, the focus of the provision is on the regulation of savings and loan holding companies, and while this may incidentally affect savings associations which are mutual associations, it does not necessarily follow that the SLHCA was enacted for the "especial benefit" of mutual associations. "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" Sandoval, 532 U.S. at 289 (quoting Sierra Club, 451 U.S. at 294). We find no indication that Congress intended to provide a federal right under § 1467a(h)(1).

**B.      There is no indication of legislative intent to create a private remedy under § 1467a**

Appellees argue that the administrative enforcement scheme of the SLHCA demonstrates that Congress intended to entrust the Office of Thrift Supervision ("OTS") with the sole power to  enforce the Act. Spencer Bank maintains that implying a private right of action would not be inconsistent with the agency's enforcement of the Act. We

6

agree with the District Court, which concluded that the text and legislative history of the statute reveal no congressional intent to create a private remedy.

The OTS is the administrative agency charged with ensuring compliance with the SLHCA. The director of the agency is authorized to issue regulations and orders, conduct formal investigations to determine compliance, bring an action seeking an injunction, decree, restraining order, order of divestiture, or other appropriate orders to enjoin violations, and issue cease and desist orders after due notice and the opportunity for hearing. 12 U.S.C. § 1467a(g). The Act further provides for criminal and civil penalties for violations. Id. § 1467a(i). The existence of this comprehensive regulatory scheme indicates a congressional intent to place enforcement of the Act solely in the hands of the OTS, rather than a private party.

As the relevant legislative history has been thoroughly explained by the District Court, we repeat here only the latest iteration of congressional intent. Although derived from earlier statutes, the current SLHCA was enacted as part of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, § 301, 103 Stat. 183, 277–343. FIRREA repealed Title 4 of the National Housing Act in part, and the remaining sections of Title 4 were transferred to other statutes. § 407, 103 Stat. at 363. FIRREA was enacted in part "to enhance the regulatory and enforcement powers of Federal financial institutions regulatory agencies," 103 Stat. at 183, and established the OTS as the entity responsible for supervising and regulating savings

7

institution holding companies, see § 201(b), 103 Stat. at 188.

Spencer Bank further alleges, however, that because disclosure and reporting requirements relating to the acquisition of proxies by the holding company is not required, mutual associations cannot solely rely on the OTS to receive this critical information and enforce compliance. Spencer Bank contends that bank privacy restrictions placed on mutual associations provide that "no Government authority may have access to or obtain copies of, or the information contained in the financial records of any customer from a financial institution" and therefore mutual associations are prevented from being able to reveal this critical information to the OTS. 12 U.S.C. § 3402.

Spencer Bank's argument is unpersuasive, however, as the statute provides exceptions to this prohibition, a number of which are applicable here. Section 3413(b) expressly states that the statute "shall not apply to the examination by or disclosure to any supervisory agency of financial records or information in the exercise of its supervisory, regulatory, or monetary functions." 12 U.S.C. § 3413(b). The statute further provides that a financial institution and its officers, employees, or agents are not precluded from notifying the government concerning "information which may be relevant to a possible violation of any statute or regulation" and that the institution or person will not be liable to the customer for such disclosure. 12 U.S.C. § 3403(c).[3] Accordingly, Spencer Bank's

---

[3] "Financial institutions" include "any office of a bank, savings bank . . . [or] savings association," 12 U.S.C. § 3401(1); a "financial record" is defined as "an original of, a copy of, or information known to have been derived from, any record held by a

assertion that the regulation by the OTS of mutual associations is impossible absent an implied private right of action is without merit.

There is no indication that Congress intended to create a private remedy, but rather, the text and legislative history of the SLHCA indicate an intent to provide a framework for the regulation of savings and loan holding companies to be enforced by the OTS. Consequently, as congressional intent to create a personal right and a private remedy has not been established, we find no implied right of action for mutual associations under 12 U.S.C. § 1467a.[4]

## CONCLUSION

For the foregoing reasons, we will affirm the judgment of the district court.

---

financial institution pertaining to a customer's relationship with the financial institution," id. § 3401(2); "customer" includes "any person or authorized representative of that person who utilized or is utilizing any service of a financial institution," id. § 3401(5); and "supervisory agency" explicitly includes "Director, Office of Thrift Supervision," id. § 3401(7)(B).

[4] As the text and legislative history of the SLHCA reveal that Congress intended to provide for the enforcement of the SLHCA through the OTS, the District Court did not abuse its discretion in declining to exercise its powers of equitable relief, as requested by Spencer Bank. See Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp, 991 F.2d 71, 76 (3d Cir. 1993) (reviewing a district court's exercise of its equitable power for abuse of discretion).

9